# United States District Court
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| v. | § | Case No. 2:11-cv-405 |
| | § | |
| CIRCLE K STORES, INC., ET AL. | § | |

## ORDER GRANTING SEVERANCE

Before the Court is Defendants Coldwater Creek Inc., Draper's & Damon's, LLC, and J.Crew Group, Inc.'s Motion to Dismiss for Misjoinder (Doc. No. 33).[1] In light of the Leahy-Smith America Invents Act (AIA), Defendants contend they have been improperly joined in this suit and request dismissal. Plaintiff GeoTag, Inc. responds that the AIA is inapplicable to this case because it was enacted after the original filing date of this action. Having fully considered the parties' arguments, the undisputed facts, and the applicable law, the Court **GRANTS IN PART** Defendants' motion (Doc. No. 33) and severs the moving Defendants from this action.

I.  **BACKGROUND**

This litigation involves alleged patent infringement of U.S. Patent No. 5,930,474 (the '474 patent) titled "Internet Organizer for Accessing Geographically and Topically Based Information." This litigation includes a number of related patent infringement cases. In approximately twenty separately filed cases, Plaintiff accuses several hundred defendants of infringing U.S. Patent No. 5,930,474 by providing various locator services on their commercial websites. In general, the technology allows consumers to visit Defendants' websites to obtain a map and listing of nearby locations or services.

---

[1] A number of other Defendants have joined in this motion. *See* Doc. Nos. 120, 157, 190, 246, 263, 287.

Plaintiff originally filed this particular case on September 13, 2011, against Defendant Circle K Stores, Inc. Three days later, on September 16, 2011, the AIA was signed into law. *See* Leahy-Smith America Invents Act (AIA), 35 U.S.C. § 299 (2011). The AIA codified new law for determining proper joinder in patent cases. *Id.* On October 25, 2011, Plaintiff filed an amended complaint in which Plaintiff named over fifty additional defendants. Accordingly, the newly added Defendants now claim misjoinder under the AIA.

## II. LEGAL STANDARD

An underlying question to Defendants' motion is the applicable standard of law. Typically, the Court would apply Federal Rules of Civil Procedure 20 and 21 to a question of misjoinder. *See, e.g.*, *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010 (per curiam). Under this standard, joinder of defendants is appropriate when (1) the claims against them arise out of the "same transaction, occurrence, or series of transactions or occurrences" and (2) there is at least one common question of law or fact linking all the claims. F. Rule Civ. P. 20(A); *see Acevedo*, 600 F.3d at 521; *Ams. for Fair Patent Use, LLC v. Sprint Nextel Corp.*, Case No. 2:10-cv-237, 2011 WL 98279 at *2 (E.D. Tex. Jan. 12, 2011). "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 US 715, 724 (1966). But the Court also has discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness. *Acevedo*, 600 F.3d at 521; *see also Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000) (explaining that "a trial court has broad discretion to sever").

In this case, however, Defendants insist that the joinder is governed by the AIA. The Federal Circuit has conclusively established that the AIA "is not retroactive, applying only 'to any civil action commenced on or after the date of the enactment of th[e] Act.'" *In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012). Defendants assert that the AIA is controlling on any joinder analysis because the AIA was enacted before Plaintiff named the newly accused parties in the Amended Complaint. The Court agrees.

Generally, "the addition of the new defendant commences the lawsuit as to [that defendant]." *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 805 (5th Cir. 2006). "Federal Rule of Civil Procedure 15(c)(1)(C) provides the exception to this rule and allows in certain circumstances for the 'relation back' of amendments modifying the defendants against whom the suit is brought." *Dwan Tapp v. Shaw Envtl., Inc.*, 401 F. App'x 930, 932 (5th Cir. 2010).[2] In pertinent part, Rule 15 provides as follows:

(c) Relation Back of Amendments.

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> >
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

---

[2] Although Rule 15 is generally applied in the context of statute of limitations, the Court finds its application to this case instructive.

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Plaintiff's amended complaint does not "relate back" to the original pleadings. In order for the exception to apply, the newly named "defendant must have notice of the action and have knowledge that the action would have been brought against it but for the plaintiff's mistake." *Dawn Tapp*, 401 F. App'x at 933. In this case, neither requirement is satisfied. None of the Defendants added in the amended complaint had notice of the original allegations or reason to know of the allegations. Plaintiff fails to identify a connection between the Defendants other than their similar, but otherwise unrelated alleged acts of infringement. *See* Response, Doc. No. 101 at 1. Allegations of simultaneous infringement alone are insufficient under Rule 15. Consequently, Plaintiff's amended complaint does not relate back to the original filing. Thus, the relevant filing date to determine the application of the AIA to the newly added Defendants is the date Plaintiff filed its amended complaint. Because the Amended Complaint was filed after enactment of the AIA, the joinder standard in the AIA applies.

### III. DISCUSSION

The AIA establishes that "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(b). The only commonality between the Defendants is that they each independently infringe the patent. This allegation is insufficient to establish joinder.

Plaintiff contends the Defendants are sufficiently connected to justify retaining all of them in a single action because each Defendant infringes the patent. Without more, Plaintiff's argument would allow for joinder of infinite parties when alleging infringement of a patent. These unwieldy cases would present logistical difficulties at trial for the Court and the jury. Severance is appropriate since Plaintiff has failed to show a common transaction or occurrence or shared question of fact as to all Defendants.[3] *See* 35 U.S.C. § 299(a) (delineating the requirements for joinder under the AIA); *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3rd Cir. 1972) (stating that the "proper remedy in case of misjoinder is to grant severance or dismissal of the improper party if it will not prejudice any substantial right"). To ensure principles of fundamental fairness and to ease the logistical challenge of trying all of Plaintiff's claims together, the Court exercises its considerable discretion in ordering severance. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.").

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion (Doc. No. 33) is **GRANTED IN PART**. Therefore, the Court **ORDERS** that the claims in the Amended Complaint (Doc. No. 10) be severed in the following manner:

- Plaintiff's claims against Defendant **CIRCLE K STORES, INC.** should remain pending in Cause Number 2:11-cv-405.

- Plaintiff's claims against Defendant **ABERCROMBIE & FITCH CO.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **AMERICAN APPAREL INC.** should be severed into the next available case number.

---

[3] Notwithstanding the applicability of AIA, the Court believes that severance is likely appropriate under recent Federal Circuit law. *See In re EMC Corp.*, 677 F.3d 1351, 1359–60 (Fed. Cir. 2012)

- Plaintiff's claims against Defendant **AMERICAN EAGLE OUTFITTERS INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **ANN INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **NEW ASHLEY STEWART, INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **BILLABONG RETAIL INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **CATALOGUE VENTURES, INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **BURBERRY LIMITED** should be severed into the next available case number.

- Plaintiff's claims against Defendant **BURLINGTON FACTORY WAREHOUSE CORPORATION** should be severed into the next available case number.

- Plaintiff's claims against Defendant **CACHE INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **THE WILLIAM CARTER COMPANY** should be severed into the next available case number.

- Plaintiff's claims against Defendant **CHARMING SHOPPES INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **CHICO'S FAS INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **CITI TRENDS INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **CLAIRE'S BOUTIQUES, INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **COLDWATER CREEK INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **DAVID'S BRIDAL INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **DEB SHOPS INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **DELIAS INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **DESTINATION MATERNITY CORPORATION** should be severed into the next available case number.

- Plaintiff's claims against Defendant **DIESEL U.S.A. INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **DONNA KARAN INTERNATIONAL INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **DOTS, LLC** should be severed into the next available case number.

- Plaintiff's claims against Defendant **DRAPER'S & DAMON'S INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **EDDIE BAUER LLC** should be severed into the next available case number.

- Plaintiff's claims against Defendant **ESPRIT US RETAIL LIMITED** should be severed into the next available case number.

- Plaintiff's claims against Defendant **FACTORY CONNECTION LLC** should be severed into the next available case number.

- Plaintiff's claims against Defendant **THE FINISH LINE INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **FOREVER 21 RETAIL INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **FORMAL SPECIALISTS LTD.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **FREDERICK'S OF HOLLYWOOD STORES INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **GROUPE DYNAMITE, INC. D/B/A/ GARAGE** should be severed into the next available case number.

- Plaintiff's claims against Defendant **GUESS? RETAIL INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **H&M HENNES & MAURITZ LP.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **HANESBRANDS INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **HOT TOPIC INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **HUGO BOSS FASHION INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **J. CREW GROUP INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **JIMMY JAZZ INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **JOS. A. BANK CLOTHIERS INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **ALCO STORES INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **FRED'S INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **BAKERS FOOTWEAR GROUP INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **BROWN SHOE COMPANY INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **COLLECTIVE BRANDS INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **CROCS INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **DSW INC. D/B/A DSW SHOE INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **FLEET FEET INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **FOOT SOLUTIONS INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **GENESCO INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **HEELY'S INC.** should be severed into the next available case number.

- Plaintiff's claims against Defendant **JUSTIN BOOT COMPANY** should be severed into the next available case number.

**It is FURTHER ORDERED** that Plaintiff pay the required filing fee for each additional cause number within **fourteen (14) days** of the date of this Order. Failure to timely pay the filing fee will result in a prompt dismissal without prejudice of that case. *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) ("Filing fees are necessary to pay the administrative costs of litigation and, in part, to discourage baseless suits.").

**It is FURTHER ORDERED** that the current Scheduling Order shall apply to all severed cases.

**It is SO ORDERED.**

**SIGNED this 13th day of August, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE