**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GEOTAG, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FRONTIER COMMUNICATIONS CORP., ET AL. | § § | CASE NO. 2:10-CV-265 (LEAD CASE) |
| YELLOWPAGES.COM, LLC, ET AL. | § | CASE NO. 2:10-CV-272 |
| GEORGIO ARMANI S.P.A., ET AL. | § | CASE NO. 2:10-CV-569 |
| AROMATIQUE, INC., ET AL. | § | CASE NO. 2:10-CV-570 |
| GUCCI AMERICA, INC., ET AL. | § | CASE NO. 2:10-CV-571 |
| RENT-A-CENTER, INC., ET AL. | § | CASE NO. 2:10-CV-573 |
| ROYAL PURPLE INC, ET AL. | § | CASE NO. 2:10-CV-575 |
| YAKIRA, LLC, ET AL. | § | CASE NO. 2:10-CV-587 |
| WHERE 2 GET IT INC., ET AL. | § | CASE NO. 2:11-CV-175 |
| EYE CARE CENTERS OF AMERICA, INC. | § | CASE NO. 2:11-CV-404 |
| AMERCO, ET AL. | § | CASE NO. 2:11-CV-421 |
| 7-ELEVEN, INC., ET AL. | § | CASE NO. 2:11-CV-424 |
| SUNBELT RENTALS, INC. | § | CASE NO. 2:11-CV-425 |
| CANON, INC., ET AL. | § | CASE NO. 2:12-CV-043 |
| AMERICAN APPAREL INC. | § | CASE NO. 2:12-CV-436 |
| ABERCROMBIE & FITCH CO. | § | CASE NO. 2:12-CV-437 |
| AMERICAN EAGLE OUTFITTERS INC.. | § | CASE NO. 2:12-CV-438 |
| ANN INC. | § | CASE NO. 2:12-CV-439 |
| BURLEIGH POINT LTD. | § | CASE NO. 2:12-CV-441 |
| CATALOGUE VENTURES, INC. | § | CASE NO. 2:12-CV-442 |
| BURBERRY LIMITED | § | CASE NO. 2:12-CV-443 |
| BURLINGTON FACTORY WAREHOUSE CORPORATION | § § | CASE NO. 2:12-CV-444 |
| CACHE INC. | § | CASE NO. 2:12-CV-445 |
| THE WILLIAM CARTER COMPANY | § | CASE NO. 2:12-CV-446 |
| CHARMING SHOPPES INC. | § | CASE NO. 2:12-CV-447 |
| CHICO'S FAS INC. | § | CASE NO. 2:12-CV-448 |
| CITI TRENDS INC. | § | CASE NO. 2:12-CV-449 |
| CLAIRE'S BOUTIQUES, INC. | § | CASE NO. 2:12-CV-450 |
| COLDWATER CREEK INC. | § | CASE NO. 2:12-CV-451 |
| DAVID'S BRIDAL INC. | § | CASE NO. 2:12-CV-452 |

| | | |
|---|---|---|
| DELIAS INC. | § | CASE NO. 2:12-CV-454 |
| DIESEL U.S.A. INC. | § | CASE NO. 2:12-CV-456 |
| DONNA KARAN INTERNATIONAL, INC. | § | CASE NO. 2:12-CV-457 |
| LVMH MOET HENNESSY LOUIS VUITTON, INC. | § | CASE NO. 2:12-CV-458 |
| DOTS, LLC | § | CASE NO. 2:12-CV-459 |
| DRAPER'S & DAMON'S INC. | § | CASE NO. 2:12-CV-460 |
| EDDIE BAUER LLC | § | CASE NO. 2:12-CV-461 |
| ESPRIT US RETAIL LIMITED | § | CASE NO. 2:12-CV-462 |
| THE FINISH LINE INC. | § | CASE NO. 2:12-CV-464 |
| FOREVER 21 RETAIL INC. | § | CASE NO. 2:12-CV-465 |
| FORMAL SPECIALISTS LTD. | § | CASE NO. 2:12-CV-466 |
| FREDRICK'S OF HOLLYWOOD STORES, INC. | § | CASE NO. 2:12-CV-467 |
| GROUPE DYNAMITE, INC. D/B/A GARAGE | § | CASE NO. 2:12-CV-468 |
| GUESS? RETAIL INC. | § | CASE NO. 2:12-CV-469 |
| H&M HENNES & MAURITZ LP | § | CASE NO. 2:12-CV-470 |
| HANESBRANDS INC. | § | CASE NO. 2:12-CV-471 |
| HOT TOPIC INC. | § | CASE NO. 2:12-CV-472 |
| HUGO BOSS FASHION INC. | § | CASE NO. 2:12-CV-473 |
| J. CREW GROUP INC. | § | CASE NO. 2:12-CV-474 |
| JIMMY JAZZ INC. | § | CASE NO. 2:12-CV-475 |
| JOS. A. BANK CLOTHIERS INC. | § | CASE NO. 2:12-CV-476 |
| ALCO STORES INC. | § | CASE NO. 2:12-CV-477 |
| BROWN SHOE COMPANY INC. | § | CASE NO. 2:12-CV-480 |
| COLLECTIVE BRANDS INC. | § | CASE NO. 2:12-CV-481 |
| CROCS INC. | § | CASE NO. 2:12-CV-482 |
| DSW INC. D/B/A DSW SHOE INC. | § | CASE NO. 2:12-CV-483 |
| GENESCO INC. | § | CASE NO. 2:12-CV-486 |
| HEELY'S INC. | § | CASE NO. 2:12-CV-487 |
| AMERICAN GREETING CORPORATION | § | CASE NO. 2:12-CV-520 |
| HALLMARK CARDS, INC. | § | CASE NO. 2:12-CV-521 |
| HICKORY FARMS INC. | § | CASE NO. 2:12-CV-522 |
| SPENCER GIFTS LLC | § | CASE NO. 2:12-CV-523 |
| INTERNATIONAL COFFEE & TEA, LLC | § | CASE NO. 2:12-CV-524 |
| THINGS REMEMBERED, INC. | § | CASE NO. 2:12-CV-525 |
| THE YANKEE CANDLE COMPANY, INC. | § | CASE NO. 2:12-CV-526 |
| BOSE CORPORATION | § | CASE NO. 2:12-CV-527 |
| GUITAR CENTER INC. | § | CASE NO. 2:12-CV-528 |
| 24 HOUR FITNESS WORLDWIDE INC. | § | CASE NO. 2:12-CV-530 |
| BALLY TOTAL FITNESS CORPORATION | § | CASE NO. 2:12-CV-531 |
| BARE ESCENTIALS INC. | § | CASE NO. 2:12-CV-532 |
| BIOSCRIP INC. | § | CASE NO. 2:12-CV-533 |

| | | |
|---|---|---|
| CRABTREE & EVELYN | § | CASE NO. 2:12-CV-534 |
| CURVES INTERNATIONAL INC. | § | CASE NO. 2:12-CV-535 |
| GOLD'S GYM INTERNATIONAL INC. | § | CASE NO. 2:12-CV-536 |
| GREAT CLIPS INC. | § | CASE NO. 2:12-CV-537 |
| L.A. FITNESS INTERNATIONAL INC. | § | CASE NO. 2:12-CV-538 |
| LIFE TIME FITNESS INC. | § | CASE NO. 2:12-CV-539 |
| M.A.C. COSMETICS INC. | § | CASE NO. 2:12-CV-540 |
| MERLE NORMAN COSMETICS | § | CASE NO. 2:12-CV-541 |
| VITAMIN COTTAGE NATURAL FOOD MARKETS, INC. | §<br>§ | CASE NO. 2:12-CV-542 |
| REGIS CORPORATION | § | CASE NO. 2:12-CV-543 |
| SALLY BEAUTY SUPPLY LLC | § | CASE NO. 2:12-CV-544 |
| SEPHORA USA INC. | § | CASE NO. 2:12-CV-545 |
| ULTA SALON, COSMETICS & FRAGRANCE, INC. | § | CASE NO. 2:12-CV-547 |
| VITAMIN SHOPPE INDUSTRIES, INC. | § | CASE NO. 2:12-CV-548 |
| EYEMART EXPRESS, LTD. | § | CASE NO. 2:12-CV-549 |
| LUXOTTICA RETAIL NORTH AMERICA INC. | § | CASE NO. 2:12-CV-550 |
| NATIONAL VISION INC. | § | CASE NO. 2:12-CV-551 |
| U.S. VISION INC. | § | CASE NO. 2:12-CV-552 |
| BUTH-NA-BODHAIGE INC. | § | CASE NO. 2:12-CV-555 |
| PSP GROUP, LLC | § | CASE NO. 2:12-CV-556 |
| WHERE 2 GET IT INC.<br>V.<br>GEOTAG, INC. | §<br>§<br>§<br>§ | CASE NO. 2:12-CV-149 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Opposed Motion for Leave to Supplement Invalidity

Contentions, filed November 27, 2012.[1] The Court having considered the same finds that the

---

[1] Defendants' have filed the motion in multiple cases as follows: Case No. 2:10-cv-265, Dkt. No. 353; Case No. 2:10-cv-272, Dkt. No. 141; Case No. 2:10-cv-569, Dkt. No. 186; Case No. 2:10-cv-570, Dkt. No. 554; Case No. 2:10-cv-571, Dkt. No. 466; Case No. 2:10-cv-573, Dkt. No. 362; Case No. 2:10-cv-575, Dkt. No. 572; Case No. 2:10-cv-587, Dkt. No. 379; Case No. 2:11-cv-175, Dkt. No. 358; Case No. 2:11-cv-404, Dkt. No. 435; Case No. 2:11-cv-421, Dkt. No. 82; Case No. 2:11-cv-424, Dkt. No. 85; Case No. 2:11-cv-425, Dkt. No. 75; Case No. 2:12-cv-43, Dkt. No. 95; Case No. 2:12-cv-149, Dkt. No. 83; Case No. 2:12-cv-436, Dkt. No. 52; Case No. 2:12-cv-437, Dkt. No. 49; Case No. 2:12-cv-438, Dkt. No. 46; Case No. 2:12-cv-439, Dkt. No. 50; Case No. 2:12-cv-441, Dkt. No. 51; Case No. 2:12-cv-442, Dkt. No. 48; Case No. 2:12-cv-443, Dkt. No. 52; Case No. 2:12-cv-444, Dkt. No. 48; Case No. 2:12-cv-445, Dkt. No. 48; Case No. 2:12-cv-446, Dkt. No. 48; Case No. 2:12-cv-447, Dkt. No. 47; Case No. 2:12-cv-448, Dkt. No. 48; Case No. 2:12-cv-449, Dkt. No. 48; Case No. 2:12-cv-450, Dkt. No. 48; Case No. 2:12-cv-451, Dkt. No. 52; Case No. 2:12-cv-452, Dkt. No. 47; Case No. 2:12-cv-454, Dkt. No. 47; Case No. 2:12-cv-456, Dkt. No. 49; Case No. 2:12-cv-457, Dkt. No. 49; Case No. 2:12-cv-458, Dkt. No. 50; Case No. 2:12-cv-459,

motion should be **DENIED**.

## I.  Applicable Law

A party's invalidity contentions are deemed to be the party's final invalidity contentions unless amendment or supplementation is permitted by the Local Patent Rules.  P.R. 3-6.  In limited circumstances, amendment of invalidity contentions is permitted as of right.  P.R. 3-6(a). Otherwise, amendment "may be made only by order of the Court, which shall be entered only upon a showing of good cause."  P.R. 3-6(b).  When determining whether a party has demonstrated good cause, the Court considers: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment; (3) potential prejudice from allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  *S & W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

## II.  Discussion

Defendants served their invalidity contentions on August 17, 2012.  By the present motion, Defendants seek leave pursuant to Patent Rule 3-6(b) to supplement their invalidity contentions to include 36 additional prior art references describing the following five prior art

---

Dkt. No. 55; Case No. 2:12-cv-460, Dkt. No. 47; Case No. 2:12-cv-461, Dkt. No. 48; Case No. 2:12-cv-462, Dkt. No. 47; Case No. 2:12-cv-464, Dkt. No. 48; Case No. 2:12-cv-465, Dkt. No. 49; Case No. 2:12-cv-466, Dkt. No. 47; Case No. 2:12-cv-467, Dkt. No. 49; Case No. 2:12-cv-468, Dkt. No. 47; Case No. 2:12-cv-469, Dkt. No. 47; Case No. 2:12-cv-470, Dkt. No. 48; Case No. 2:12-cv-471, Dkt. No. 49; Case No. 2:12-cv-472, Dkt. No. 48; Case No. 2:12-cv-473, Dkt. No. 47; Case No. 2:12-cv-474, Dkt. No. 62; Case No. 2:12-cv-475, Dkt. No. 47; Case No. 2:12-cv-476, Dkt. No. 47; Case No. 2:12-cv-477, Dkt. No. 48; Case No. 2:12-cv-480, Dkt. No. 48; Case No. 2:12-cv-481, Dkt. No. 48; Case No. 2:12-cv-482, Dkt. No. 48; Case No. 2:12-cv-483, Dkt. No. 47; Case No. 2:12-cv-486, Dkt. No. 47; Case No. 2:12-cv-487, Dkt. No. 47; Case No. 2:12-cv-520, Dkt. No. 45; Case No. 2:12-cv-521, Dkt. No. 48; Case No. 2:12-cv-522, Dkt. No. 45; Case No. 2:12-cv-523, Dkt. No. 51; Case No. 2:12-cv-524, Dkt. No. 44; Case No. 2:12-cv-525, Dkt. No. 48; Case No. 2:12-cv-526, Dkt. No. 45; Case No. 2:12-cv-527, Dkt. No. 45; Case No. 2:12-cv-528, Dkt. No. 44; Case No. 2:12-cv-530, Dkt. No. 44; Case No. 2:12-cv-531, Dkt. No. 42; Case No. 2:12-cv-532, Dkt. No. 43; Case No. 2:12-cv-533, Dkt. No. 43; Case No. 2:12-cv-534, Dkt. No. 44; Case No. 2:12-cv-535, Dkt. No. 45; Case No. 2:12-cv-536, Dkt. No. 44; Case No. 2:12-cv-537, Dkt. No. 44; Case No. 2:12-cv-538, Dkt. No. 46; Case No. 2:12-cv-539, Dkt. No. 44; Case No. 2:12-cv-540, Dkt. No. 49; Case No. 2:12-cv-541, Dkt. No. 44; Case No. 2:12-cv-542, Dkt. No. 45; Case No. 2:12-cv-543, Dkt. No. 50; Case No. 2:12-cv-544, Dkt. No. 48; Case No. 2:12-cv-545, Dkt. No. 44; Case No. 2:12-cv-547, Dkt. No. 45; Case No. 2:12-cv-548, Dkt. No. 45; Case No. 2:12-cv-549, Dkt. No. 44; Case No. 2:12-cv-550, Dkt. No. 45; Case No. 2:12-cv-551, Dkt. No. 50; Case No. 2:12-cv-552, Dkt. No. 44; Case No. 2:12-cv-555, Dkt. No. 44; Case No. 2:12-cv-556, Dkt. No. 44.  For brevity, the Court cites only to the briefing filed in Case No. 2:10-cv-265.

systems: (1) EAAsy Sabre; (2) Prodigy; (3) America On Line ("AOL"); (4) CompuServe; and (5) Delphi (collectively "the Supplemental References").  According to Defendants, their "first inkling" of the relevance of the Supplemental References came on September 5, 2012, when Defendants' counsel received an email from co-counsel stating that "he had gone through some old boxes of books while cleaning out his garage and came across [an early AOL User Guide]." (Dkt. No. 353 at 5, Ex. 1 ¶ 4.)  Defendants thereafter searched for earlier versions of the AOL User Guide, as well as additional similar references relating to online Internet service providers. On November 12, 2012, Defendants disclosed the Supplemental References to Plaintiff GeoTag, Inc. ("GeoTag").

The Court is not persuaded that Defendants have acted diligently in discovering such Supplemental References.  The Defendants should have, at the least, timely uncovered the AOL User Guide that triggered Defendants' search into the Supplemental References because it had been in the possession of Defendants' counsel.  While Defendants argue that "it is often more difficult to identify web-based prior art" (Dkt. No. 353 at 8), the Supplemental References here are not obscure internet references but include what might well be described as the largest and most popular internet systems of the 1980s and 1990s.  Indeed, Defendants did not appear to encounter any difficulty in finding and attaining the references once the discovery of the AOL User Guide prompted the search.  (*See* Dkt. No. 353 Ex. 1 ¶¶ 4-7.)  Moreover, the patent-in-suit itself discloses both AOL and Compuserve, and Defendants' original invalidity contentions cited a system that explicitly ran on Prodigy.   Ultimately, Defendants' only explanation for its untimely invalidity contentions is that counsel happened upon a reference while cleaning out his garage.  Such happenstance discovery in these circumstances does not demonstrate the diligence necessary to support the late supplementation now requested.   In the Court's view, to hold

otherwise would render "the explanation for the party's failure to meet the deadline" a non-factor.

**III.** **Conclusion**

Based on the foregoing reasons, the Court finds that Defendants' Opposed Motion for Leave to Supplement Invalidity Contentions should be and is hereby **DENIED**.

**So ORDERED and SIGNED this 11th day of June, 2013.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE